THE STATE, ON THE RELATION OF JOHN L. HENLY, *v.* M. M. REYNOLDS, JUDGE OF THE FOURTH DISTRICT COURT OF NEW ORLEANS—AND THOMAS GILMORE, CLERK.

The supervisory power of the Supreme Court, through writs of Mandamus, is limited to those cases where its exercise is incidental to and in furtherance of its appellate jurisdiction.

VOORHIES, J. The facts, on which the application for a mandamus in this cause is based, are these: The relator, *John Henly*, in his capacity of Sheriff of Harrison county, Mississippi, held in his possession, under process of attachment at the suit of *Butterworth*, certain slaves seized as the property of *David Myers*. Whilst in his custody they were clandestinely taken away and removed to this State. Meanwhile *Claiborn Myers*, having obtained a judgment in the Fourth District Court of New Orleans, caused an execution to issue directed to the Sheriff of Rapides, which was levied on the slaves in question. The relator then filed a petition of third opposition, claiming the slaves thus illegally taken from his custody, and enjoining the Sheriff's sale. From the judgment rendered in his favor, *Claiborn Myers* took a suspensive appeal, giving bond and security in the sum of $500, *as fixed by the order of the Judge.* The relator objected, that the amount of the bond was insufficient to entitle the appellant to a suspensive appeal; and now complains that both the Clerk and the District Judge have refused to grant him a writ of possession.

The jurisdiction of this Court, in relation to the subject matter under consideration, is hardly distinguishable from the jurisdiction of the Supreme Court

under the constitution of 1845; both have appellate jurisdiction only, except in cases specially enumerated. The jurisdiction of the first Supreme Court was also invested with the same limited powers. What was therefore held by them on similar questions, may be considered as having the authority of precedent. In the Succession of *Whipple*, 2 An., 237, the Court said: "We have not a general supervising power and control over Courts of inferior jurisdiction. Our supervising power, through the writs of mandamus and prohibition, is limited to those cases where its exercise is incidental to and in furtherance of our appellate jurisdiction." The question was also fully examined and considered in another case reported in 2 An., 979, in which the Court says: "The Supreme Court derives its jurisdiction from the constitution, by which it is declared to be appellate. Its powers are commensurate with its jurisdiction, and the Court has uniformly refused to exercise a general supervisory control over the proceedings of the inferior tribunals, and can interpose its authority only when necessary for the exercise of its appellate jurisdiction." See exparte *Bujol*, 3 An., 716, affirming those decisions.

We are of opinion that this case comes clearly within the principle of the decisions in the cases quoted; and that the relief or remedy sought by the relator is not necessary for the exercise of our jurisdiction, or such as to authorize our interposition.

The mandamus is, therefore, refused.